UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                         CRIMINAL ACTION

VERSUS

JIMMY LINDSEY                                    NO. 19-00051-BAJ-RLB

RULING AND ORDER

Before the Court is Defendant's **Motion For Compassionate Release (Doc. 51)** and **Supplement Motion for Compassionate Release (Doc. 67)**. The Government opposes both of Defendant's Motion. (Docs. 53 & 72). For the following reasons, Defendant's Motion will be denied.

I. BACKGROUND

On July 19, 2019, Defendant pled guilty to possession with the intent to distribute 5 or more grams of methamphetamine, marijuana, and oxycodone, and possession of firearms in furtherance of a drug trafficking crime. (*See* Doc. 33).

On November 21, 2019, the Court sentenced Defendant to a term of 132 months imprisonment. (Doc. 46). Defendant is currently incarcerated at FCI Talladega in Talladega, Alabama. His projected release date is January 3, 2029.

Defendant now moves for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 51). Defendant asserts that release is warranted due to his obesity and hypertension, and pre-existing health conditions that create a higher risk of serious health consequences should he contract COVID-19. (Doc. 51 at 2).

## II. ANALYSIS

### A. Standard

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010). A defendant seeking compassionate release must satisfy the Court that (1) "extraordinary and compelling reasons warrant such a reduction," and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Mathes*, No. 14-cr-69, 2020 WL 4014748, at *3 (M.D. La. July 16, 2020) (Dick, C.J.). ("Generally, the defendant has the burden to show circumstances meeting the test for compassionate release.").

When, as here, the defendant files a motion for compassionate release on his own behalf, the Court's discretion "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Still, even if the Sentencing Commission's guidance is *not* dispositive, it nonetheless informs the Court's "analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021), *cert. denied* No. 20-7832, 2021 WL 2044647 (U.S. May 24, 2021).

Relevant here, the Sentencing Commission has expressly recognized that, in certain circumstances, a Defendant's "medical condition" may rise to the level of an "extraordinary and compelling" reason to merit compassionate release. Specifically, the Sentencing Commission advises that "extraordinary and compelling reasons" may

2

be established upon proof that an illness is "terminal," "serious," or "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. §1B1.13 (Commentary, Application Note 1).

### B. Discussion

As stated, Defendant seeks release based on multiple pre-existing health conditions, including obesity, high blood pressure, fatty-liver disease and pre-diabetes that place him at a higher risk of serious health consequences should he contract COVID-19. (Doc. 51 at 2).

Certainly, Defendant raises legitimate concerns. For multiple reasons, however, Defendant cannot demonstrate extraordinary and compelling reasons to justify release.

To be sure, the CDC advises that severe obesity, hypertension (high blood pressure), and liver disease "**can make you more likely** to get severely ill from COVID-19."[1] Moreover, Defendant's prison medical records confirm that, indeed, his obesity, hypertension, and liver disease are "serious" medical conditions within the meaning of the Sentencing Commission's Guidelines. U.S.S.G. §1B1.13 (Commentary, Application Note 1). Since July of 2020, Defendant has been placed under the care of prison medical staff and has been receiving daily HydroCHLOROthiazide to manage his hypertension. (*See* Doc. 54-1 at p. 81). Certainly, Defendant's pre-existing health conditions place him among a class of

---

[1] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (visited October 6, 2021).

3

people more likely to suffer adverse outcomes from COVID-19.

But that is not the end of the inquiry. First, hypertension is a fairly commonplace medical conditions that may be controlled through medication. Defendant's medical records suggest that he has responded to the treatment regimen prescribed by prison medical staff, and there his medical record suggests that his condition has improved during this period of incarceration. This Court and others have held that well-controlled, commonplace, chronic conditions do not establish an extraordinary and compelling reason to justify release, even if those conditions increase the risk of adverse outcomes from COVID-19. *See United States v. Johnson*, 07-cr-17, 2021 WL 262559, at *5 (M.D. La. Jan. 26, 2021) (Dick, C.J.) (ruling that well-controlled hypertension is not extraordinary and compelling); *accord Thompson*, 984 F.3d at 434 (instructing that "commonplace" chronic conditions generally do not make a prisoner's case "extraordinary").

Second, Defendant provides no data to indicate whether and to what extent FCI Talledega is suffering a COVID-19 outbreak. (Doc. 166 at 5).[2] Meanwhile, amidst the current surge attributable to the Delta variant, hundreds (and sometimes *thousands*) of new cases of COVID-19, and dozens of deaths resulting from COVID-19, are reported among Louisiana's general, non-prison population each day.[3] In short, on the present showing, it is not clear that Defendant is at a significantly higher risk of exposure to COVID-19 as a result of his confinement at FCI Talladega.

---

[2] BOP does not track COVID-19 cases at FCI Reeves Talladega. *See* https://www.bop.gov/coronavirus/ (visited October 21, 2021).

[3] *See* https://ldh.la.gov/Coronavirus/ (visited October 21, 2021).

4

Thus, again, his case is not "extraordinary." *Cf. Thompson*, 984 F.3d at 434 (indicating that defendant's case was not "extraordinary" where defendant failed to show that he was "at a significantly higher risk [of severe outcomes from COVID-19] than is the general inmate population").

Finally, and perhaps most important, Defendant's medical record reflect that on February 3, 2021, Defendant was offered and declined the Pfizer-BioNTech vaccine. (Doc. 74, p.56). Thus, Defendant cannot establish an extraordinary and compelling reason based on concerns about COVID-19 infection, because he chose to forgo an opportunity to provide self-care against serious infection or death as a result of COVID-19. *See e.g. United States v. Booker*, No. 4:11-CR-127 (10), 2021 WL 1616891 at \*3 (E.D. Tex. 2021) *see also United States v. King*, No. 16-CR-478-11 (CS), 2021 WL 736422, at \*2 (S.D.N.Y. Feb. 24, 2021) ("In declining vaccination, defendant declined the opportunity to reduce his risk of exposure to COVID-19 dramatically; he cannot reasonable expect that prolonging his risk by declining vaccination will be rewarded with a sentence reduction.) Like *Booker*, Defendant "cannot be heard to complain about the dangers of COVID-19 in prison and then fail to take the available measures to mitigate the risk, such as being vaccinated." *United States v. Booker*, No. 4:11-CR-127 (10), 2021 WL 1616891 at \*3 (E.D. Tex. 2021).

In sum, despite a serious medical condition, the Court determines that Defendant has failed to establish an "extraordinary and compelling" reason supporting compassionate release.

5

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the Defendant's Motions (Docs. 51,67) are **DENIED**.

Baton Rouge, Louisiana, this 19th day of November, 2021

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA